THOMAS M. OLIVER *vs.* WILLIAM H. LOOK.

Franklin.   Opinion December 9, 1885.

*R. S., c. 104, § § 47, 48.   Petition for claimant of real estate to bring an action.*

A petition under R. S., c. 104, § § 47, 48, praying that the respondent be summoned into court to show cause why he should not bring an action to try his alleged title to real estate, should contain a description of the real estate sufficiently definite to give notice to the defendant to what land the petition refers. It is not required to be as particular and definite as the description in a writ of entry, dower or partition.

ON exceptions to the decree of the court upon the following petition, requiring that the defendant bring and prosecute his action respecting the title to the real estate claimed by him.

[Petition.]

"To the honorable justices of our Supreme Judicial Court, next to be holden at Farmington within and for the county of Franklin, on the first Tuesday of March, A. D., 1884.

"Respectfully represents Thomas M. Oliver of Industry in said county of Franklin, that he is the possessor and owner in fee simple of the following described real estate, to wit: Two tracts of land situate in said town of Industry, the one containing eighty acres more or less, and being the same conveyed to Addison H. Chase, deceased, by Benjamin G. Eveleth by deed dated April 4, 1855, and recorded in the Franklin county registry of deeds, volume 31, page 47, said tract of land being described as follows: a certain tract of land, situate in said town of Industry being the south part of lot numbered twenty according to plan made by Cornelius Norton, Esq., and is the same farm formerly occupied by Benjamin G. Eveleth, bounded north by land now or formerly of Obed Norton and land formerly owned by Royal Roach, south by land formerly owned by Valentine Look, west by land now or formerly owned by Moses M. Luce, and east by land now or formerly of Obed Norton and land formerly owned by said Royal Roach, and is the same land conveyed to Benjamin G. Eveleth by Moses Shackley by deed dated October 7, A. D. 1851, containing eighty acres more or less.

" The other tract being the same conveyed to said Addison H. Chase by said Benjamin G. Eveleth by deed dated May 2, 1885, and recorded in said registry of deeds, volume 31, page 212, said tract of land being described as follows : a certain piece or parcel of land situate in said Industry in said county, it being seven-eighths of the south part of lot numbered eight (8) in the second (2) range of lots in that part of Industry that was formerly a part of New Vineyard, containing one hundred and fifteen acres more or less in the whole lot, it being seven-eighths of the same lot deeded by Jacob G. Remick to Fobes Ford and being the same land conveyed by Harriet C. Chase, administratrix, to Charles H. B. True of Industry, April 14, A. D. 1863.

" He further avers that he is credibly informed and believes that William H. Look, lately of New Vineyard, in said county of Franklin and now residing without the limits of the state of Maine, makes some claim adverse to his estate, to wit : that he claims to hold said land in mortgage. Wherefore he prays this honorable court that the said William H. Look may be summoned to show cause why he should not bring an action to try his alleged title."

*S. Clifford Belcher*, for the plaintiff.

*H. L. Whitcomb*, for the defendant.

The land is not sufficiently described in the petition, to give the defendant proper notice of the land in question especially such is the case in relation to the second piece described. " Seven-eighths of the south part of lot numbered eight," &c., is no description of any particular or specific part of the lot, *Orono* v. *Veazie*, 61 Maine, 431 ; *Brigham* v. *Smith*, 64 Maine, 450 ; *Larrabee* v. *Hodgkins*, 58 Maine, 412 ; *Miller* v. *Miller*, 16 Pick. 215.

FOSTER, J. The petition in this case is sufficiently formal for the purposes of the statute upon which it is based. It alleges the petitioner's possession and an estate in fee of certain real estate, together with an averment of his information and belief

that the defendant makes a claim adverse to said estate by way of mortgage upon the same, and praying that he be summoned to show cause why he should not bring an action to try his alleged title.

The only objection raised, about which there can be any question, is in relation to the sufficiency of the description of the real estate set out in the petition. It is claimed that this is not so definitely described as to give the defendant proper notice of the land in question. This objection can not prevail. The answer which the defendant filed to the petition discloses no such objection as that now raised, but states that the defendant has an interest " in the premises described in the petition." It would seem, therefore, that the description therein contained was sufficiently definite to give notice to the defendant to what land the petition referred.

We see no reason for saying that, in this proceeding, which is preliminary in its nature to any action that may be brought by the party claiming title adverse to the petitioner, the premises are not sufficiently described. The description of lands in a demand for dower may be sufficient, and yet not as definite as would be required in a writ for its recovery. All that is required in such demand, says WILD, J., in *Atwood* v. *Atwood*, 22 Pick. 286, " is that the description of the land should be such as to give notice to the tenant to what land the demand refers." A more stringent rule, however, has been applied with reference to the certainty of the description required in a writ of entry, dower or partition. Such description forms the basis of a formal and final judgment which is to fix or transfer the title or possession adversely. In these actions the description of the land must be so certain that seizin may be delivered by the sheriff without reference to any description outside the writ.

But in the case at bar we think the defendant, from the description given, might well understand to what land the petitioner referred. The premises are described. Not only is reference by deed and record given, but the number and range of the lots as well, together with certain fractional parts thereof. Such description may be considered sufficient for the proceedings

instituted by this petitioner.  *Silloway* v. *Hale*, 8 Allen, 62.

Exceptions overruled.

PETERS, C. J., DANFORTH, VIRGIN, LIBBEY and EMERY, JJ., concurred.